**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED and<br>CELSIUS NETWORK LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>PRIME TRUST, LLC,<br><br>　　　　　　　　　　Defendant. | Adversary Proceeding<br>No. 22-01140 (MG)<br><br>**JOINT RULE 26(F) REPORT** |

In accordance with Fed. R. Civ. P. 26(f) (made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7026), the parties to the above captioned adversary proceeding (the "Adversary Proceeding"), Plaintiffs Celsius Network Limited and Celsius Network LLC (together, "Plaintiffs" or "Celsius") and Defendant Prime Trust, LLC ("Prime Trust" or "Defendant," and together with Plaintiffs, the "Parties"), met and conferred on September 9, 2022 regarding each of the topics set forth in Fed. R. Civ. P. 26(f) and present this report pursuant to Fed. R. Civ. P. 26(f)(2) in anticipation of the pre-trial conference scheduled for October 6, 2022 (the "Initial Pre-Trial Conference") as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

**(a) Initial Disclosures**

The Parties have agreed to exchange initial disclosures covering all issues addressed under Fed. R. Civ. P. 26(a)(1)(A) (the "Initial Disclosures") in accordance with the pretrial schedule as set forth in the Case Management & Scheduling Order attached as Exhibit A (the "Proposed Scheduling Order").

**(b) Subjects of Discovery**

The Parties anticipate engaging in discovery on the issues set forth and/or raised in the complaint filed by Plaintiffs [ECF No. 1] (the "Complaint"). Those issues include, among other things:[2]

    (i) Assets transferred by Celsius users to Prime Trust, including the Subject Property;

    (ii) Transfers of Celsius users' assets to User PT Wallets or Celsius PT Wallets;

    (iii) Agreements and/or terms of use entered into among Celsius, Celsius' users, and/or Prime Trust, including, but not limited to, the PT Terms, Celsius Terms of Use, the User PT Custody Account Agreements, the Celsius PT Custody Account Agreement, the PT Custody Account Agreements, the Services Agreement, the Preliminary Updated Terms of Use, the Revised Updated Terms of Use, and the Updated Terms of Use;

    (iv) Celsius communications with Celsius users regarding the PT Terms, Celsius Terms of Use, the User PT Custody Account Agreements, the Celsius PT Custody Account Agreement, the PT Custody Account Agreements, the Services Agreement, the Preliminary Updated Terms of Use, the Revised Updated Terms of Use, and the Updated Terms of Use;

    (v) Prime Trust's communications (if any) with Celsius users;

    (vi) Prime Trust's purported termination of its relationship with Celsius in June 2021;

    (vii) Prime Trust's turnover (or refusal to turn over) the assets of Celsius users, including the Subject Property; and

---

[2] Capitalized terms not defined here have the meaning given to them in the Complaint.

      (viii) Correspondence between Celsius and Prime Trust with respect to the foregoing.[3]

**(c) Disputes Regarding Discovery**

The Parties agree to comply with this Court's rules for "Conferences" and "Discovery Disputes" in raising any discovery disputes with the Court, as well as the terms of the Proposed Scheduling Order.

**(d) Electronically Stored Information ("ESI")**

The Parties reported that each has sent document preservation notices to their respective clients, and reserve all rights relating thereto.

**(e) Changes in the Limitations on Discovery, and Whether Discovery Should be Conducted in Phases or Focused on Particular Issues**

The Parties do not currently anticipate the need for any changes in the limitations on discovery or the need to conduct discovery in phases but reserve all rights relating thereto.

**(f) Pretrial Schedule**

The Parties have agreed to the Proposed Scheduling Order attached as Exhibit A. The Proposed Scheduling Order is based off the form provided by the Court in the "Evidentiary Hearings and Trials" section of the "Chambers' Rules" tab of the Court's website. The Parties seek to vary from the form provided by the Court in five respects. First, the Parties have provided that (i) pleadings may be amended as permitted under Fed. R. Civ. P. 15(a)(1), and (ii) any motion to amend the Complaint or join additional parties may be filed within *the later of* 60 days from the date the Proposed Scheduling Order is entered and 21 days from the date a decision on the motion to dismiss (if any) is entered. Second, given the Parties' ongoing efforts

---

[3] Nothing in this report shall be deemed an admission by either Party concerning the substance or merits of any of their respective claims, defenses, rights or remedies in connection with the Adversary Proceeding, or that documents or information relating to the issues identified in the report exist, are admissible or are relevant.

toward a potential amicable resolution of this matter, as set forth below, the Parties have agreed to exchange Initial Disclosures on October 21, 2022, rather than 14 days from the date the Proposed Scheduling Order is entered. Third, in order to avoid any potential conflict between competing orders, the Parties have indicated that they will abide by the Case Management Order entered in the Debtors' consolidated bankruptcy cases [Case No. 22-10964 (MG), ECF No. 528] with respect to the length and form of memoranda of law in support of and in opposition to motions, as well as reply memoranda. Fourth, the Parties have added language indicating that the face-to-face settlement conference set forth in Paragraph 7 of the Proposed Scheduling Order may be in person or by videoconference. Finally, the Parties have added a provision allowing them to modify any discovery deadlines (to the extent agreed to among the Parties during the course of the litigation) without further Order of this Court, aside from the date for completion of all fact discovery and the date for completion of all expert discovery which will require Court approval.

Each Party reserves its rights to seek modifications to the Proposed Scheduling Order pursuant to Fed. R. Civ. P 16(b)(4).

**(g) Protective Order**

The Parties have agreed that a stipulated Protective Order under Fed. R. Civ. P. 26(c), protecting the confidentiality of certain confidential, sensitive and proprietary information, is appropriate in this case. To that end, the parties intend to review and, as appropriate, modify the Confidentiality Agreement and Stipulated Protective Order agreed to as between the Debtors and the Official Committee of Unsecured Creditors [Case No. 22-10964 (MG), ECF No. 749] to serve as the protective order in this Adversary Proceeding. The Parties note that certain documents to be produced in this litigation may contain highly sensitive "cryptographic keys"

and other information related to virtual wallets where crypto assets are held. Such information is akin to bank account information and will need to be closely protected from public disclosure.

The Parties intend to engage in discussions regarding the form of any privilege log required by Fed. R. Civ. P. 26(b)(5) but have not yet done so.

**(h) Settlement or Resolution of the Matter**

The Parties began communicating about a potential amicable resolution of the issues raised in the Complaint during the Rule 26(f) conference and have continued those discussions to date. The Parties anticipate that it may be possible to amicably resolve some or all of the issues in dispute and intend to actively continue their efforts toward such a resolution.

To the extent those efforts have not yet resolved the matter, the Parties will additionally meet face-to-face (in person or by videoconference) to discuss settlement or use of alternative dispute resolution ("ADR") as set forth in the Proposed Scheduling Order and advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case.

*           *           *

The Parties are available to discuss any issues raised in this report at the Initial Pre-Trial Conference or at the Court's convenience.

Dated: September 23, 2022

By:  /s/Mitchell P. Hurley
Mitchell P. Hurley
Dean L. Chapman Jr.
John P. Kane
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
mhurley@akingump.com
dchapman@akingump.com
mchen@akingump.com

*Counsel to the Plaintiffs*


/s/ Howard S. Steel
Howard S. Steel
Alexander J. Nicas
James F. Lathrop
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
HSteel@goodwinlaw.com
Anicas@goodwinlaw.com
Jlathrop@goodwinlaw.com

David R. Callaway
Goodwin Procter LLP
601 Marshall Street
Redwood City, California 94063
Telephone: (650) 752-3100
Dcallaway@goodwinlaw.com

*Counsel to the Defendant*