**Hearing Date: December 5, 2022, at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: November 28, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1001
mhurley@akingump.com
dchapman@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel for Debtors[1] and*
*Plaintiffs Celsius Network Limited and Celsius Network LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CELSIUS NETWORK LIMITED and CELSIUS NETWORK LLC,<br><br>        Plaintiffs,<br><br>     v.<br><br>PRIME TRUST, LLC,<br><br>        Defendant. | Adversary Proceeding<br>No. 22-01140 (MG) |

**NOTICE OF MOTION TO APPROVE SETTLEMENT WITH**
**PRIME TRUST, LLC PURSUANT TO RULE 9019**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

[1] The Debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that Celsius Network LLC and Celsius Network Limited (together, "Celsius"), debtors in the above-captioned chapter 11 cases, filed the *Motion to Approve Settlement with Prime Trust, LLC Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge (the "Court") on **December 5, 2022, at 2:00 p.m., prevailing Eastern time** (the "Hearing"), or as soon thereafter as counsel may be heard. The Hearing will be conducted via Zoom®. Parties wishing to participate in the Hearing, whether making a "live" or "listen only" appearance before the Court, must register their appearance utilizing the Electronic Appearance portal located on the Court's website at: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than **4:00 p.m. Eastern Standard Time on December 2, 2022**. Additional information concerning how to participate in the hearing is available in the Court's Zoom Video Hearing Guide, available at: https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of any pleadings filed with the Court by visiting the Court's website at https://www.nysb.uscourts.gov and following the procedures and paying any fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (the "Objections") shall (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York; (iii) be filed with the Bankruptcy Court, together with proof of service, electronically, on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing

2

system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (iv) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [ECF No. 1181] (the "Case Management Order"), so as to be filed and received no later than **November 28, 2022, at 4:00 p.m., prevailing Eastern time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. The relief requested herein may be granted, pursuant to Local Rule 9074-1(b)(1)(K), without a hearing if no objection is timely filed and served in accordance with the Case Management Order.

Dated:    November 14, 2022
             New York, New York

AKIN, GUMP, STRAUSS, HAUER & FELD LLP

By:   */s/ Mitchell P. Hurley*
       Mitchell P. Hurley
       Dean L. Chapman Jr.
       One Bryant Park
       New York, New York 10036
       Telephone: (212) 872-1000
       Facsimile: (212) 872-1001
       mhurley@akingump.com
       dchapman@akingump.com

       Elizabeth D. Scott (admitted *pro hac vice*)
       2300 N. Field Street, Suite 1800
       Dallas, TX 75201
       Telephone: (214) 969-2800
       Facsimile: (214) 969-4343
       edscott@akingump.com

       *Special Litigation Counsel for Debtors and Plaintiffs Celsius Network Limited and Celsius Network LLC*

**Hearing Date: December 5, 2022, at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: November 28, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1001
mhurley@akingump.com
dchapman@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel for Debtors*[1] *and*
*Plaintiffs Celsius Network Limited and Celsius Network LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CELSIUS NETWORK LIMITED and CELSIUS NETWORK LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>PRIME TRUST, LLC,<br><br>　　　　　　　　　　Defendant. | Adversary Proceeding<br>No. 22-01140 (MG) |

**MOTION TO APPROVE SETTLEMENT WITH PRIME TRUST, LLC PURSUANT TO**
**RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

[1] The Debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Celsius Network LLC and Celsius Network Limited (together, "Celsius"), hereby submit this motion (the "Motion") seeking entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the stipulation of settlement (the "Stipulation") among the following parties (each a "Settlement Party" and, collectively, the "Settlement Parties"): (i) Celsius Network Limited, (ii) Celsius Network LLC, and (iii) Prime Trust, LLC ("Defendant" or "Prime Trust"). In further support of this Motion, Celsius respectfully submits as follows:

**PRELIMINARY STATEMENT**

1. By this Motion, Celsius requests entry of an order approving the Stipulation[2] in its entirety and authorizing Celsius pursuant to Bankruptcy Rule 9019 to perform all obligations under the Stipulation. The Stipulation represents a significant achievement in these chapter 11 cases as it provides Celsius with virtually all of the relief sought in this matter. The Stipulation was the result of arms-length, good-faith negotiations between the Settlement Parties. By the Stipulation, Prime Trust agrees to transfer property valued at recent prices at approximately $17.9 million to the Designated Celsius Wallets within five (5) business days of entry of an order approving this Motion. The Stipulation preserves Celsius Users' rights by permitting any party to assert any interest (including an ownership or other interest) in any of the Subject Property after the transfer.

2. The settlements and compromises contained in the Stipulation are fair and reasonable; they do not in any way prejudice the rights of any Celsius Users or any other party in interest with respect to the ultimate disposition of the Subject Property; and they are therefore in the best interests of the Debtors' estates and their creditors and other stakeholders. Early resolution

---

[2] The Stipulation and its exhibits are attached hereto as Exhibit B. To the extent there is any discrepancy between the summary of the Stipulation herein and the terms of the Stipulation itself, the terms of the Stipulation shall govern. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

2

of this proceeding will likewise avoid expensive litigation, reduce costs to the Debtors' estates, and permit the Debtors to focus their attention and resources on these chapter 11 cases.

3. Accordingly, Celsius respectfully requests that the Court approve the Motion and enter an order authorizing it to enter into the Stipulation and perform thereunder.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of the United States District Court for the Southern District of New York (the "Southern District of New York") referring to the Bankruptcy Judges of the Southern District of New York all cases and proceedings arising under title 11 of the United States Code (the "Bankruptcy Code"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Federal subject matter jurisdiction also exists under 28 U.S.C. § 1332(a) based on complete diversity of citizenship of the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000, and under 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with cases commenced under the Bankruptcy Code.

## BACKGROUND

6. Celsius is one of the largest cryptocurrency-based finance platforms in the world and provides financial and technology services to institutional, corporate, and retail clients across more than 100 countries. It was founded in 2017 to be one of the first crypto platforms that would allow users to transfer their crypto assets (such transferring customers, the "Users") and (a) earn rewards on such crypto assets and/or (b) take loans using such transferred crypto assets as collateral.

3

7. On July 13, 2022 (the "Petition Date"), the Debtors filed voluntary petitions with the Court for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

A.   **Background Concerning Celsius and Prime Trust**

8. Celsius offered rewards to its Users who transferred their crypto assets to Celsius through the earn ("Earn") program. Pursuant to the applicable terms of use, users in the Earn program grant Celsius all rights and title to the crypto assets from the time the user transfers the assets until the assets are transferred back to the user. On or around June 15, 2020, Celsius introduced terms of use (the "Terms of Use Version 4," referred to in the Stipulation as the "Initial Terms of Use") providing that crypto assets from Celsius' New York and Washington Users would be held by Prime Trust.[3] Stipulation Ex. C, at p. 141–44.

9. In June 2021, Prime Trust purported to terminate its relationship with Celsius and indicated its desire to return the crypto assets it was holding to Celsius. *See Celsius Network Ltd. v. Prime Trust, LLC*, Adv. No. 22-01140-mg (Bankr. S.D.N.Y. Aug. 23, 2022) [ECF No. 1-4] (Ex. D to the Adversary Complaint). Based on the consent of certain New York and Washington Users to revised terms of use (the "Updated Terms of Use"), Celsius directed Prime Trust to transfer certain crypto assets to Celsius (the "Authorized Assets"). *See* Stipulation Ex. B. Prime Trust complied in part, transferring crypto assets worth approximately $119 million (based on prices as of the date the Complaint was filed) to Celsius in accordance with Celsius' instructions from July 6, 2021 to August 24, 2021. Prime Trust did not transfer to Celsius approximately $17.9 million

---

[3] The Terms of Use Version 4 also reference Texas, but assets transferred by Celsius Users located in that State were not held by Prime Trust.

(at recent prices) worth of Authorized Assets ("Unreturned Authorized Assets") and certain other assets for which Celsius has not yet received acknowledgement of the Updated Terms of Use from the underlying Users (the "Remaining Assets" and collectively with the Unreturned Authorized Assets, the "Subject Property"). Negotiations between the parties concerning return of the Subject Property to Celsius continued for a substantial period of time, but did not result in agreement.

10. On August 23, 2022, Celsius filed an adversary complaint against Prime Trust pursuant to section 542 of the Bankruptcy Code seeking turnover of the Unreturned Authorized Assets. *See generally* Adversary Complaint, *Celsius Network Ltd. v. Prime Trust, LLC*, Adv. No. 22-01140-mg (Bankr. S.D.N.Y. Aug. 23, 2022) [ECF No. 1] (the "Complaint").

11. Alternatively, Celsius sought specific performance of certain contractual provisions obligating Prime Trust to deliver and transfer the Unreturned Authorized Assets to Celsius. *Id.*

12. On September 2, 2022, Celsius sent Prime Trust a letter further demanding that Prime Trust also transfer to Celsius the Remaining Assets and any other Subject Property in accordance with the agreements among the Parties.

**B.    The Settlement**

13. On October 19, 2022, the Settlement Parties reached the agreement outlined in the Stipulation through which the Parties wish to fully settle and discontinue the Adversary Proceeding.

14. Pursuant to the Stipulation, Prime Trust represented that it maintains a ledger of the Subject Property that includes an omnibus account ending in 4491 with User holdings titled "Celsius Network Limited Custody" (the "4491 Account"). Stipulation at p. 2. Prime Trust advised that the Subject Property in the 4491 Account consists of 419.21 BTC, 197,143.07 CEL tokens, 3,802.37 ETH, and 2,264,539.67 USDC. *Id.* Prime Trust further represented that its ledger

5

of Subject Property includes separate numbered accounts titled with the names of individual Users (the "User Accounts" and collectively with the 4491 Accounts, the "Accounts"). *Id.* Prime Trust advised that the Subject Property in the User Accounts consists of approximately 7.36 BTC, 1,145.48 CEL tokens, 248.53 ETH, and 363,631.22 USDC. *Id.* at p. 3.

15. Celsius and Prime Trust agree that Celsius is the "Account Holder" of the 4491 Account within the meaning of the November 13, 2019 Prime Asset Custody Account Agreement between Celsius Network Limited and Prime Trust (the "Celsius PT Custody Account Agreement") and that Celsius is authorized to request that Prime Trust transfer to Celsius the (i) Authorized Assets pursuant to Sections 1 and 8 of the Updated Terms of Use; (ii) the Remaining Assets pursuant to Section 2(i)(b) of the PT Terms included in the Terms of Use Version 4; and (iii) Subject Property in the User Accounts pursuant to Section 4(e) of the User PT Custody Account Agreements and Section 2(i)(b) of the PT terms included in the Terms of Use Version 4. *Id.*; Stipulation Ex. A, at p. 1.

16. Accordingly, the Stipulation provides that within five business days of entry of an order by this Court approving the terms of the settlement set forth in the Stipulation pursuant to Rule 9019(a) of the Bankruptcy Rules (the "Initial Transfer Deadline"), Prime Trust will transfer all Subject Property in the 4491 Account and all Subject Property in User Accounts to wallets for which only Celsius holds the private keys (the "Designated Celsius Wallets") as follows:

    a. Subject Property that is bitcoin shall be transferred to the wallet with address: 17rPU4EySbSALsw9anJv36ioeVo3d6Kr1P;[4]

---

[4] In accordance with the *Joint Stipulation and Agreed Order Between the Debtors and the Committee with Respect to Cryptocurrency Security* (the "Cryptocurrency Security Stipulation"), the Designated Celsius Wallets will be stored by the Debtors in a frozen workspace at Fireblocks Inc. and will be held by the Acceptable Custodian (as defined in the Cryptocurrency Security Stipulation) once that Custodian has been selected and established in accordance with the Cryptocurrency Security Stipulation and may not be transferred except upon further order of the Bankruptcy Court and consent by at least four Authorized Individuals (as defined in the Cryptocurrency Security Stipulation) to both unlock the workspace and authorize the transfer. *See generally* Cryptocurrency Security Stipulation, *In re Celsius Network LLC, et al.*, 22-10964-mg (Bankr. S.D.N.Y. Sept. 14, 2022) [Bankr. ECF No. 813].

6

    b. Subject Property that is ETH, USDC or any other ERC-20 asset shall be transferred to the wallet with address: 0x8744F2d1fe828689e9B9C2eeEdbc45dDb218B829; and

    c. Subject Property that is not compatible with either of the foregoing wallets, if any, shall be transferred to a compatible wallet or wallets after such wallet(s) are identified by Celsius and approved by further order of this Court.[5]

Stipulation ¶ 4.

17.     The Stipulation makes clear that upon receipt of the Subject Property in the Designated Celsius Wallets, Celsius will not use, access, transfer, pledge, re-hypothecate, distribute, or otherwise transfer the Subject Property except pursuant to further order of the Bankruptcy Court. Stipulation ¶ 9. The Stipulation further states that the "Transfer shall be without prejudice to the right of any party, including any User, to assert an interest in any of the Subject Property" and that Transfer "shall in no way constitute an admission or acknowledgement by any Party to the Stipulation that the Subject Property is, or is not, or should, or should not, be deemed to be, property of the estate, as set forth in section 541 of the Bankruptcy Code." Stipulation ¶ 11.

18.     Upon Celsius' written confirmation of receipt of the Transfer, the Stipulation provides that:

    a. Celsius and Prime Trust shall mutually release each other for all past or present claims related to or in connection with the Subject Property, as qualified in the Stipulation, Stipulation ¶¶ 4(a), 12;

    b. Prime Trust shall be exculpated from claims arising from its compliance with the Stipulation, Stipulation ¶ 13;

    c. Each of the User PT Custody Account Agreements related to the Subject Property shall be terminated in full, Stipulation ¶ 4(b);

---

[5] None of the Subject Property currently held by Prime Trust is incompatible with either wallet designated in this section, but Prime Trust cannot rule out that in the future such property could be transferred to Prime Trust. To the extent Celsius is notified that Prime Trust has received such property, Celsius will seek approval of an additional Designated Celsius Wallet(s) to receive the associated transfer(s).

7

    d.  Celsius shall provide notice to Users not to deposit any crypto assets to Prime Trust by emailing notice to the last known email address, if any, or if no email address is available, mailing notice to the last known mailing address, if any, of potentially impacted Users, *see* Stipulation ¶ 4(c);

    e.  Celsius shall voluntarily dismiss, with prejudice, all of the claims asserted in the Adversary Proceeding, at which point, the Celsius PT Custody Account Agreement and Services Agreement shall be terminated in full, Stipulation ¶ 6; and

    f.  Until the effective date of a plan (the "Effective Date"), Prime Trust will provide Celsius with quarterly reporting of any property that may be deposited with Prime Trust Users after the Initial Transfer Deadline (the "Future Deposits"), and at Celsius' request, Prime Trust shall transfer in a reasonable period of time any Future Deposits to the Designated Celsius Wallets, for which Celsius shall timely pay the reasonable and necessary network fees associated with such Future Deposits transfers, Stipulation ¶ 7.

**B.    Conferences with the U.S. Trustee and UCC**

19.    Special Litigation Counsel for Celsius separately conferred with representatives of the Office of the United States Trustee and the Official Committee of Unsecured Creditors (the "UCC") concerning the Stipulation beginning on October 20, 2022. The U.S. Trustee was generally supportive of the Stipulation as described by Celsius, but reserved all of its rights. The UCC asked for a copy of the version of the Stipulation to which Prime Trust and Celsius agreed prior to the last hearing in these cases, which Celsius provided. On or around October 27, 2022, counsel for the UCC provided certain proposed changes to the Stipulation, which counsel indicated remained subject to "ongoing review by the Committee and its professionals in all respects." Prime Trust and Celsius accepted the majority, but not all, of the comments provided by counsel to the UCC.

<b><u>RELIEF REQUESTED</u></b>

20.    By this Motion, Celsius requests entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, approving the proposed settlement among the Settlement Parties and granting related relief.

**BASIS FOR RELIEF**

21.     Approval of the Stipulation is governed by Rule 9019(a) of the Bankruptcy Rules, which provides that "[o]n motion by the [Debtors] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). As such, Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

22.     In determining whether to approve a proposed settlement, a court must find that the settlement is fair and equitable, reasonable and in the best interests of the debtor's estates and creditors. *See Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Air Line Pilots Ass'n, Int'l. v. Am. Nat'l Bank & Tr. Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). The decision to approve a particular compromise or settlement is within the sound discretion of the Bankruptcy Court. *Drexel Burnham*, 134 B.R. at 505. That "discretion should be exercised in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); *see also Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above.").

23.     A court need not decide the numerous issues of law and fact a settlement raises to approve the settlement under Bankruptcy Rule 9019; rather, it should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)); *In re Lynch*, No. 19-cv-3837(GRB), 2022 U.S. Dist. LEXIS 91195,

at *8 (E.D.N.Y. May 20, 2022) (same); *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) (in making the determination of reasonableness, the court need not conduct a "mini-trial" on the merits). Put another way, "[a]ll that [the proponent of the settlement] must do is establish . . . [that] it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end." *Fla. Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (citation omitted).

24. Courts in the Second Circuit apply the following factors in determining whether a settlement meets the requirements of Rule 9019:

   a. the probability of success in litigation, with due consideration for the uncertainty in fact and law;

   b. the difficulties of collecting any litigated judgment;

   c. the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay;

   d. the proportion of creditors who do not object to, or who affirmatively support, the proposed settlement;

   e. the competence and experience of counsel who support the settlement;

   f. the relative benefits to be received by members of any affected class;

   g. the extent to which the settlement is truly the product of arm's-length bargaining and not the product of fraud or collusion; and

   h. the debtor's informed judgment that the settlement is fair and reasonable.

*In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 226 (Bankr. S.D.N.Y. 2007) (citing *In re Texaco, Inc.*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988)); *Purofied Down Prods.*, 150 B.R. at 522; *Drexel Burnham*, 134 B.R. at 506. Each of these factors supports approval of the Stipulation here as set forth in greater detail below.

10

A. <u>The Stipulation Provides Celsius with Substantially All of the Relief Sought in the Adversary Proceeding, Is in the Best Interests of Debtors' Estates, Their Creditors, and Other Stakeholders, and Does Not Prejudice the Rights of Celsius Users with Respect to the Subject Property.</u>

25. There is no question that the Stipulation benefits the Debtors' estates, their creditors, and other stakeholders. Pursuant to the terms of the Stipulation, Prime Trust will transfer to Celsius all Subject Property in Prime Trust's possession, custody, or control, including Subject Property in User Accounts identified in connection with the Adversary Proceeding, and Prime Trust agrees to transfer any Subject Property that may be deposited by Celsius Users in the future. As such, the Stipulation will result in the return to Celsius of assets valued at approximately $17.9 million at recent prices.

26. Moreover, the Stipulation will not in any way prejudice the rights of Celsius Users with respect to the Subject Property. Pursuant to the explicit terms of the Stipulation, Celsius "will not use, access, transfer, pledge, re-hypothecate, distribute, or otherwise interfere with the Subject Property except pursuant to further order of the Bankruptcy Court." Stipulation ¶ 9. Transfer of the Subject Property to Celsius pursuant to the Stipulation is likewise without prejudice to the right of any party, including any Celsius User, to assert an interest in any of the Subject Property, and Transfer does not constitute "an admission or acknowledgment by any Party to the Stipulation that the Subject Property is, or is not, or should, or should not, be deemed to be, property of the estate, as set forth in section 541 of the Bankruptcy Code." Stipulation ¶ 11.

27. This Rule 9019 Motion will be filed on the public docket and made available to all parties in interest through Stretto at https://cases.stretto.com/celsius. In addition, Celsius will email copies of the 9019 Motion to the last known email address, if any, or if no email address is available, will mail copies of the 9019 Motion to the last known mailing address, if any, of all potentially impacted Users. *See* Stipulation ¶ 3. Parties on such notice of the 9019 Motion will

11

have an opportunity to object to any aspect of the Stipulation on or before November 28, 2022, at 4:00 p.m., prevailing Eastern time, and at the hearing scheduled for December 5, 2022, at 2:00 p.m., prevailing Eastern time. In the event that the 9019 Motion is granted, parties-in-interest will have yet another opportunity to be heard concerning how those assets ultimately should be distributed or otherwise disposed of, as the Stipulation requires a further order of the Court before assets transferred into the Designated Celsius Wallets can be further transferred. The parties agreed on these aspects of the Stipulation in order to preserve the rights of all parties relating to the Subject Property to the maximum possible extent.

B. <u>Proceeding with the Litigation Would be Disruptive and Expensive.</u>

28. Celsius is confident that the claims asserted in the Complaint against Prime Trust would succeed on the merits, but submits that proceeding with litigation makes no sense under the circumstances. If this 9019 Motion is granted, the Stipulation will provide the estates with substantially the same relief as sought in the Complaint, without the costs and disruption associated with discovery, dispositive motions practice, trial, and other activities that would accompany a continuing litigation. *See In re Ambac Fin. Group., Inc.*, 457 B.R. 299, 306 (Bankr. S.D.N.Y. 2011) (finding this factor satisfied where estate received value for releasing derivative claims "by (i) avoiding the significant legal costs in the actions . . . and (ii) enabling the Debtor's management to continue to work toward the Debtor's reorganization instead of focusing their attention on litigation-related activities which could delay such reorganization and cause the Debtor to, among other things, incur substantial administrative expenses").

C. <u>The Remaining Factors All Weigh in Favor of Approving the Stipulation.</u>

29. With respect to the remaining factors, there can be no dispute that the Stipulation is "the product of arm's length bargaining" and was negotiated by competent and experienced

counsel. *See Motorola, Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (citations and internal quotation marks omitted).

30.  All of the Settlement Parties have been represented by skilled and experienced bankruptcy and litigation practitioners during these chapter 11 cases, as well as throughout all negotiations regarding the Stipulation, which weighs heavily in favor of approving the settlement. *See, e.g.*, *In re Adelphia*, 327 B.R. at 226; *In re Chemtura Corp.*, 439 B.R. 561, 608 (Bankr. S.D.N.Y. 2010) (holding that settlement easily satisfied the Second Circuit's requirements, in part, because "[n]o argument has been made, nor could any argument be made, that the counsel who put the Settlement together were anything less than highly skilled in their craft, and knowledgeable in the considerations underlying a settlement of this character").

31.  Moreover, the Stipulation is a product of good-faith negotiations and "represents the considered judgment of economically motivated parties who were negotiating at arm's-length to reach the best settlement that could be achieved under the circumstances." *JP Morgan Chase Bank, N.A. v. Charter Commc'ns Operating, LLC (In re Charter Commc'ns)*, 419 B.R. 221, 257 (Bankr. S.D.N.Y. 2009); *see also In re Chemtura Corp.*, 439 B.R. at 608.

### NOTICE

32.  Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [ECF No. 1181]. Notice also will be provided to all potentially impacted Celsius Users, including by emailing a copy of this Motion and the Stipulation to the last known email address, if any, or if no email address is available, mailing a copy of this Motion and the Stipulation to the last known mailing address, if any, of all

13

potentially impacted Users. Notice will further be provided to all Parties to the Stipulation. Celsius respectfully submits that no further notice is required.

33. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Celsius respectfully requests that the Court (i) enter an order substantially in the form attached hereto as <u>Exhibit A</u> and (ii) grant such other and further relief as the Court may deem proper.

Dated:     November 14, 2022
           New York, New York

                                      AKIN, GUMP, STRAUSS, HAUER & FELD LLP

By:    */s/ Mitchell P. Hurley*
        Mitchell P. Hurley
        Dean L. Chapman Jr.
        One Bryant Park
        New York, New York 10036
        Telephone: (212) 872-1000
        Facsimile: (212) 872-1001
        mhurley@akingump.com
        dchapman@akingump.com

        Elizabeth D. Scott (admitted *pro hac vice*)
        2300 N. Field Street, Suite 1800
        Dallas, TX 75201
        Telephone: (214) 969-2800
        Facsimile: (214) 969-4343
        edscott@akingump.com

        *Special Litigation Counsel for Debtors and Plaintiffs Celsius Network Limited and Celsius Network LLC*