## **Exhibit D**

Blackline of the Amended Stipulation Marked Against the Original Stipulation

Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) ~~872-1001~~872-1002
mhurley@akingump.com
dchapman@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel for Debtors[1] and*
*Plaintiffs Celsius Network Limited and Celsius Network LLC*

**UNITED STATES DISTRICT BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CELSIUS NETWORK LIMITED and<br>CELSIUS NETWORK LLC,<br><br>                Plaintiffs,<br><br>        v.<br><br>PRIME TRUST, LLC,<br><br>                Defendant. | Adversary Proceeding<br>No. 22-01140 (MG) |

**STIPULATION TO SETTLE AND DISCONTINUE ADVERSARY PROCEEDING**

---

[1] The Debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

WHEREAS, on August 23, 2022, Celsius Network Limited and Celsius Network LLC, Plaintiffs in the above-captioned adversary proceeding (the "Adversary Proceeding") and other Debtors in the above-captioned bankruptcy case (together, "Plaintiffs" or "Celsius") filed an adversary complaint (the "Complaint") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") against Defendant Prime Trust, LLC ("Defendant" or "Prime Trust," and together with Plaintiffs, the "Parties") asserting claims for turnover pursuant to Section 542 of the Bankruptcy Code and breach of contract;

WHEREAS, the Parties wish to fully settle and discontinue the Adversary Proceeding in accordance with the terms set forth in this stipulation (the "Stipulation") which Stipulation is effective as of the date on which it has been signed by Special Litigation Counsel for Celsius and counsel for Prime Trust (the "Execution Date");

WHEREAS, Prime Trust presently holds crypto assets transferred to it by Celsius users (such transferring customers, the "Users") in digital wallets (such crypto assets, the "Subject Property");

WHEREAS, Prime Trust maintains a ledger of the Subject Property that includes: (a) an omnibus account ending in 4491 with commingled User holdings titled "Celsius Network Limited Custody" (the "4491 Account"); and (b) separate numbered accounts titled with the names of individual Users (the "User Accounts" collectively with the 4491 Accounts, the "Accounts");

WHEREAS, Celsius advises that the Subject Property consists of both (i) crypto assets for which Celsius has received consent from certain Users to the Updated Terms of Use[2] (the

---

[2] All terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

"Authorized Assets") and (ii) crypto assets for which Celsius has not received acknowledgement of the Updated Terms of Use from the underlying Users (the "Remaining Assets");

WHEREAS, as of the Execution Date, the Parties agree that the Authorized Assets and Remaining Assets in the 4491 Account total 419.21 BTC, 197,143.07 CEL tokens, 3,802.37 ETH and 2,264,539.67 USDC, and are in the 4491 Account.

WHEREAS, Celsius Network Limited and Prime Trust are parties to the November 13, 2019 Prime Asset Custody Account Agreement (the "Celsius PT Custody Account Agreement," copy attached hereto as Ex. A) in which the Parties agree that Celsius is the "Account Holder" of the 4491 Account within the meaning of the Celsius PT Custody Account Agreement;

WHEREAS, Prime Trust agrees to transfer the Subject Property in the 4491 Account, to be held until further order of the Bankruptcy Court as set forth herein, pursuant to Section 4(f) and Section 6(d) of the Celsius PT Custody Account Agreement;

WHEREAS, the Parties agree that Celsius is authorized to request that Prime Trust transfer: (i) the Authorized Assets pursuant to Sections 1 and 8 of the Updated Terms of Use (copy attached hereto as Ex. B); and (ii) the Remaining Assets pursuant to Section 2(i)(b) of the PT Terms[3] included in the terms of use published on Celsius' website and platform beginning on or around June 15, 2020, (the "Initial Terms of Use") (copy attached hereto as Ex. C);

WHEREAS, Prime Trust has identified additional Subject Property that is not located in the 4491 Account (the "Additional User Assets");

---

[3] Celsius' Initial Terms of Use included detailed terms providing that Prime Trust would hold assets for Celsius users residing in New York and Washington (the "PT Terms").

WHEREAS, as of the Execution Date, Prime Trust's records reflect that the Additional User Assets comprise approximately 7.36 BTC, 1,145.48 CEL tokens, 248.53 ETH, and 363,631.22 USDC;

WHEREAS, Prime Trust agrees to transfer the Additional User Assets held by Prime Trust pursuant to the User PT Custody Account Agreement, to be held until further order of the Bankruptcy Court as set forth herein, pursuant to Section 4(e) of the User PT Custody Account Agreements (copy attached hereto as Ex. D) and Section 2(i)(b) of the PT Terms included in the Initial Terms of Use;

WHEREAS, by consenting to the Initial Terms of Use, the Users with the Additional User Assets permitted Celsius to direct a transfer from Prime Trust to Celsius;

WHEREAS, Prime Trust represents that, other than transfers to Celsius in accordance with Celsius' instructions, Prime Trust has not previously transferred, deployed, disbursed, or otherwise disposed of any of the Subject Property at any time up to and including the Execution Date,

NOW, THEREFORE, in consideration of the promises and covenants continued herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, effective as of the Execution Date, the Parties stipulate and agree as follows:

1.      Prime Trust will not transfer, deploy, disburse, or otherwise dispose of any of the Subject Property on or after the Execution Date except in accordance with this Stipulation and upon and in accordance with a further order of the Bankruptcy Court.

2.      Within ten (10) business days of the Execution Date, or October 31, 2022, whichever is later, Celsius shall file with the Bankruptcy Court a motion pursuant to Fed. R.

Bankr. P. 9019 (the "9019 Motion") to approve the terms of settlement set forth in this Stipulation.

3.    Celsius will provide notice of and an opportunity to object to the 9019 Motion, including by mailing a copy of the 9019 Motion to the last known mailing address, if any, of all Users and all other parties who have requested notice or are otherwise entitled to notice under applicable Bankruptcy Rules and the Amended Case Management Order [Docket No. 1181]. Prime Trust will promptly comply with any reasonable request by Celsius for User address information in the possession, custody or control of Prime Trust to enable Celsius to carry out the notice for the 9019 Motion set forth in the previous sentence to the fullest possible extent.

4.    Within five (5) business days of entry of an order by the Bankruptcy Court granting the 9019 Motion (the "Initial Transfer Deadline"), Prime Trust will transfer all of the Subject Property, and all property transferred to Prime Trust by Users during the period from the Execution Date to the Initial Transfer Deadline (if any), to wallet addresses to be identified by Celsius for approval by the Court (the "Designated Celsius Wallets"), which Celsius will promptly provide written confirmation of receipt (the "Transfer"), at which time:

(a)    ~~the releases provided for in Sections 12 and 13 herein shall be effective;~~

(a)    each of (1) the release provided for in Section 13 herein and (2) the exculpation and release set forth in Section 14 herein (solely as to Users that received notice of the 9019 Motion pursuant to the Amended Case Management Order and did not object to such exculpation and release prior to the objection deadline) shall be effective;

(b)    each of the User PT Custody Account Agreements related to the Subject Property shall be terminated in full~~; and~~, subject to such User having received notice of the

5

9019 Motion pursuant to the Amended Case Management Order and not objecting to the termination of any User PT Custody Account Agreements to which it is a party prior to the objection deadline; and

(c)    Celsius will provide notice to all Users to not deposit any crypto assets to Prime Trust in the same manner notice was provided in paragraph 3.

For the avoidance of any doubt, the notice to Users referenced in subparts (a)-(c) above shall be deemed good and sufficient where notice is sent via electronic mail to the last known email address, if any, or if no email address is available, mailing notice to the last known mailing address, if any, of the Users.

5.    For the avoidance of doubt, nothing herein is intended to limit or otherwise prejudice, nor shall anything herein be deemed to limit or otherwise prejudice, the rights of any Party, any creditor, any User, or any other party in interest (a) with respect to any ownership, lien, security, encumbrance, or other property interest with respect to the Subject Property or any property transferred to the Designated Celsius Wallets or (b) to assert, before the Bankruptcy Court, any interest (including an ownership or other interest) or claim with respect to the Subject Property, or any property transferred to the Designated Celsius Wallets.

6.    Within five (5) business days of the Transfer, Celsius shall file a voluntary dismissal, with prejudice, of all claims asserted in the Adversary Proceeding.  At such time, the Celsius PT Custody Account Agreement and Services Agreement shall be deemed terminated in full.  For the avoidance of doubt, the termination of the Celsius PT Custody Account Agreement and Services Agreement does not have any effect on and is without prejudice to the User's rights under any agreements in which a User is a party with Celsius, and such agreements shall remain in full force and effect in accordance with applicable law.

7.      Starting on March 31, 2023 until the effective date of a plan (the "Effective

Date"), Prime Trust will provide Celsius with quarterly reporting of any property that may be

deposited with Prime Trust by Users after the Initial Transfer Deadline (the "Future Deposits").

At the request of Celsius, Prime Trust shall transfer in a reasonable period of time any Future

Deposits to the Designated Celsius Wallets, for which Celsius shall timely pay the reasonable

and necessary network fees associated with such Future Deposits transfers.  Tracking and

reporting relating to any property that may be deposited with Prime Trust by Users after the

Effective Date shall be determined by further agreement of the Parties or order of the Bankruptcy

Court.

8.      Prime Trust represents that to the best of its knowledge the Subject Property

identified herein constitutes all property in Prime Trust's possession, custody or control that was

transferred to Prime Trust at any time up until the Initial Transfer Deadline by any Celsius Users.

9.      Celsius represents that (i) Celsius has complete and exclusive control over the

Designated Celsius Wallets and (ii) upon receipt of the Subject Property in the Designated

Celsius Wallets, Celsius will not use, access, transfer, pledge, re-hypothecate, distribute or

otherwise interfere with the Subject Property except pursuant to further order of the Bankruptcy

Court.

10.      Entry of an order granting the 9019 Motion shall be deemed a binding

determination that the Transfer is consistent with all agreements, regulations and laws to which

each of the Parties may be subject.

11.      The Transfer shall be without prejudice to the right of any party, including any

User, to assert any interest (including an ownership or other interest) in any of the Subject

Property; provided that, the Parties reserve all their rights in that regard.  The Transfer of the

Subject Property by Prime Trust to the Designated Celsius Wallets shall in no way constitute an admission or acknowledgment by any Party to the Stipulation that the Subject Property is, or is not, or should, or should not, be deemed to be, property of the estate, as set forth in section 541 of the Bankruptcy Code.

12.    Effective upon the completion of the Transfer of all Subject Property, Celsius, on the one hand, and Prime Trust, on the other, irrevocably and unconditionally forever release, acquit and discharge one another of and from any and all past or present claims, causes of action, liabilities, obligations, demands, suits, objections, counterclaims, defenses, debts, damages, sums of money due or owed, expenses, damages, attorneys' fees, accounts, covenants, contracts, agreements, arrangements, promises, indemnities, warranties, trespasses, torts, injuries or losses, of whatever kind or character, whether known or unknown, anticipated or unanticipated, foreseen or unforeseen, suspected or unsuspected, absolute, fixed, conditional or contingent, matured or unmatured, liquidated or unliquidated, disputed or undisputed, assertable directly, indirectly, or derivatively, due or to become due, whether arising from contract, equity, tort or otherwise (including attorneys' fees, interest, costs, or disbursements), and whether arising out of common law or pursuant to statute or whether asserted or could have been asserted at any time in the Adversary Proceeding ("Claims"), that Celsius, on the one hand, and Prime Trust, on the other, have, ever had, or may have against one another or any of either Parties' respective predecessors, successors, assigns, subsidiaries, owners, affiliates, managed accounts, funds or funds under common management; and each of the foregoing parties' respective current and former officers, directors, managers, managing members, employees, members, principals, shareholders, agents, advisory board members, management companies, fund advisors, partners, attorneys, financial advisors or other professionals or representatives, together with their

successors and assigns, in each case solely in their capacity as such ("Affiliates"), based on,

relating to or in connection with the Subject Property solely to the extent that such Subject

Property has been transferred to the Designated Celsius Wallets in accordance with this

Stipulation; provided, however, that Celsius' release of Prime Trust shall be limited to the extent

that any of Prime Trust's representations set forth in this Stipulation, including the representation

in paragraph 8, is determined by the Bankruptcy Court to be inaccurate, and/or to the extent that

Prime Trust fails to comply with its ongoing obligations in this Stipulation, including the

reporting obligation in paragraph 7; provided, further, that Prime Trust reserves the right to file a

claim or seek enforcement of the order approving the 9019 Motion (the "9019 Order") in

connection with any third party claims against Prime Trust arising out of the Transfer.

13.    Effective upon the completion of the Transfer of all Subject Property in

accordance with the 9019 Order, neither Prime Trust nor its Affiliates shall have or incur any

liability to Users for and is hereby exculpated from any Claim arising from any act or omission

in connection with or arising out of Prime Trust's or its Affiliate's compliance with this

Stipulation, including effectuating the Transfer of the Subject Property in accordance with the

9019 Order; provided that this paragraph shall not apply to Claims arising from (a) an act or

omission that is judicially determined in a final order to have constituted actual fraud, willful

misconduct, or gross negligence or (b) the failure to return any of portion of the Subject Property

in accordance with the 9019 Order.

14.    All rights of the official committee of unsecured creditors and all other parties in

interest are preserved with respect to this Stipulation, the 9019 Motion, and the 9019 Order and

the matters contemplated hereby and thereby.

15.     The Parties agree that, until further order of the Bankruptcy Court, the Adversary Proceeding is stayed, and all deadlines associated with the Adversary Proceeding and any party's rights, remedies, claims or defenses are tolled, including, without limitation, Prime Trust's time to respond to the Complaint.   The Parties will inform the Bankruptcy Court of this stay in advance of the pre-trial conference scheduled for October 20, 2022.

16.     In the event that the Bankruptcy Court denies any of the relief requested in the 9019 Motion, the Parties may resume the Adversary Proceeding, without prejudice to the rights, remedies, claims or defenses of any Party.

17.     The Parties agree that the Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Stipulation.

Dated: October 19, 2022
       New York, New York

                                        /s/ Mitchell P. Hurley_____
                                        Mitchell P. Hurley
                                        Dean L. Chapman Jr.
                                        John P. Kane
                                        **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                        One Bryant Park
                                        New York, NY 10036
                                        Telephone: (212) 872-1000
                                        Facsimile: (212) 872-1002
                                        mhurley@akingump.com
                                        dchapman@akingump.com
                                        jkane@akingump.com

                                        *Special Litigation Counsel*
                                        *for Debtors and Plaintiffs Celsius Network Limited*
                                        *and Celsius Network LLC*

                                        /s/ Howard S. Steel_____
                                        Howard S. Steel
                                        Alexander J. Nicas
                                        James F. Lathrop

10

**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
HSteel@goodwinlaw.com
Anicas@goodwinlaw.com
Jlathrop@goodwinlaw.com

- and -

David R. Callaway (*pro hac vice* pending)
**Goodwin Procter LLP**
601 Marshall Street
Redwood City, California 94063
Telephone: (650) 752-3100
Dcallaway@goodwinlaw.com

*Counsel to Prime Trust, LLC*